## KUNERT v. MILLER.

No. 4425.   Opinion Filed May 11, 1915.

(148 Pac. 993.)

**CHAMPERTY AND MAINTENANCE—Deeds—Deeds by Person out of Possession—Forgery—Sufficiency of Evidence.** The evidence in this case examined and found to fully support the finding of facts and conclusions of law found and concluded by the court. (Syllabus by Collier, C.)

*Error from District Court, Ellis County;*

*G. A. Brown, Judge.*

Action by Elmer Miller against Henry Kunert. Judgment for plaintiff, and defendant brings error. Affirmed.

*Hoover, Cowgill & Swindall,* for plaintiff in error.

*J. P. McLaughlin* and *Chas. R. Alexander,* for defendant in error.

COLLIER, C. This is an action brought by Elmer Miller against Henry Kunert to remove cloud from and quiet title to a quarter section of land in Ellis county. Defendant answered and filed a cross-petition, claiming said land, and alleging that he deraigned his title through John S. Guthrie and John Donovan.

The uncontradicted evidence in this case shows that John Donovan filed upon said land and received a patent therefor from the United States on the 14th day of May, 1906; that said patent was recorded on the 10th day of August, 1907, in the office of the register of deeds of Woodward county, territory of Oklahoma; that said Donovan resided with his family on said premises for about seven years; that on the 20th day of September, 1909, said Donovan sold said land to the plaintiff herein, and on said day, said Donovan and wife executed and delivered to said Elmer Miller a deed to said land, which deed was duly recorded in the office of the register of deeds in Ellis county (Ellis county having been carved out of Woodward county); that on the 19th day of November, 1909, said Miller leased said land to one Donnahue by written lease, which was duly recorded in the office of the register of deeds of Ellis. county; that said Donnahue since leasing said lands has continuously resided thereon as a tenant of plaintiff; that on the 2d day of March, 1910, defendant came upon said lands and had a conversation with said Donnahue in regard to said lands, and was informed by Donnahue that he (Donnahue) was in possession of said lands, as a tenant of plaintiff.

In support of his claim of ownership to said land in controversy, defendant offered in evidence a deed thereto, executed by John S. Guthrie to him, dated the 2d day of March, 1910, and a deed purporting to be executed by John Donovan and Olive Donovan, his wife, to John S. Guthrie on September 23, 1909, to said lands for a consideration of $4,000, purporting to have been acknowledged before Chas. Nelson, a notary public.

Both John Donovan and his wife testified that said purported

deed was not executed by them, or either of them; that the signa-
tures thereto were not the signatures of either of them; and that
said deed was a forgery. Chas. Nelson, the notary public before
whom said deed was purported to have been acknowledged, swore
that said acknowledgment was not taken by him; that the signa-
ture to the purported acknowledgment was not in his handwriting,
and that the acknowledgment was a forgery.

There was no evidence offered by defendant, tending in any
way to contradict the evidence as to said deed being a forgery.
The court found that the purported deed to Guthrie from Donovan
and wife was a forgery; that the same was a cloud upon the
title to said land, and decreed that the same be canceled, and held
that the title to said land was in plaintiff. Motion for new trial
was filed and overruled, to which defendant excepted. From said
judgment this appeal is prosecuted.

There are four specifications of error assigned, but only one
of said specifications is presented with sufficient compliance with
rule 25 of this court to require consideration. Said assignment is:

"That the court erred in overruling motion of defendant for
a new trial."

Under the uncontroverted evidence in this case, plaintiff,
through his tenant, was in adverse possession of the lands in con-
troversy at the time of the purported execution of the deed from
Donovan to Guthrie; and even if said purported deed to Guthrie by
Donovan and wife had been *bona fide,* it was inoperative against
plaintiff. Section 2260, Rev. Laws 1910; *Miller v. Fryer,* 35
Okla. 145, 128 Pac. 713. This fact alone legally sustains the
finding of the court for plaintiff; but we have carefully read the
evidence in this case and are of the opinion that there is not only
sufficient evidence to sustain the finding of the court, but that the
preponderance of the evidence *is so great and the evidence so*
plain that the purported deed from Donovan and wife to Guthrie
was a forgery, that we are at a loss to determine why this case

should have been appealed; and especially is this true, in view of the statement found on page 19 of defendant's brief, that:

"We have no criticism to make and make none of the evidence in chief for the plaintiff below. We concede that it made out for him a *prima facie* case, and that it then devolved upon the defendant below to disprove it or overthrow it by proof of the allegations of his answer."

No evidence was offered to support the attempted assertion of title on the part of defendant, and the court did not err in refusing to grant a new trial.

It follows that this cause should be affirmed.

By the Court: It is so ordered.